J^STEVEN R. PLOTKIN, Judge.
The issue in this case is credibility, whether appellant-plaintiff, Lougertha Faulkner, sustained a work related accident. The workers’ compensation judge concluded that she did not. We affirm.
STATEMENT OF FACTS
Plaintiff was employed by the defendant, Onesource, as an office clean up/janitorial person at the time of her alleged accident on September 3, 1999. While Ms. Faulkner worked at Onesource she was assigned to the State Farm office on Bullard Avenue. Plaintiff testified that she twisted her back when she attempted to throw a trash bag into the garbage dumpster on September 3,1999.
Plaintiff had pre-existing back pain that required surgery in 1990 for a herniated *1125 disc. She had intermittent pain since then for which she was treated. On August 21, 1999 Faulkner went to see Dr. Ausama for hypertension. Dr. Ausama stated that she treated plaintiff for severe back pain during this visit. The records indicate that plaintiff was crying due to the intensity of the back pain. Dr. Ausama gave her To-radol, an injection which she testified was a good painkiller, along with Vicodin because of the severe pain the plaintiff experienced at the time of the visit.
laOn September 4, 1999, plaintiff called Dr. Ausama’s office and talked to a nurse. The note related to this call states “Pt. Has lower back pain on left side for 1 wk.” The note also says that this is a recurring pain that was treated in the past and is getting worse. On September 5, 1999, plaintiff went to the emergency room (ER) at Oschner Clinic, complaining of pain in her left sacral area radiating down the leg. She testified that she told the doctor she was injured at work. The doctor made no notation in the medical records of her story of the work accident. On September 6, 1999, Faulkner was taken to the ER at Pendleton Memorial Methodist Hospital. Dr. Stanley Smith noted that “patient states that pain in the left hip and low back for approximately 10 days.” The record notes for the first time a work related injury that occurred on August 25, 1999. Faulkner again testified that she told this doctor that this was a work related injury although there is no mention of it in the doctor’s report. She also denies ever telling the nurses that her hip and leg pain had persisted for ten days.
On September 7, 1999, Faulkner was treated at the Oschner Clinic. The office notes indicate that she told them about her previous visits to Oschner and Methodist but there is no mention of a work related accident. Plaintiff insisted that she told the doctor all about her accident on this visit. She saw her regular physician, Dr. Ausama, on September 15, September 29, and October 22, 1999. The first time this doctor notes mention a work related injury is on November 13, 1999. On September 18, 2000, plaintiff had a back fusion surgery performed.
Plaintiff stated that she was unable to contact anyone at Onesource or leave a message with anyone on the day that she hurt herself. However, she was able to speak to Pedro Furlan, her manager, on the following Tuesday since Monday was Labor Day. Mr. Furlan testified that he did not receive notification from Faulkner Uthat she was injured on the job and that he did not remember completing an accident report. Mr. Furlan, who was subsequently fired by Onesource, also said that he never talked to Faulkner about her injury.
Tina Faulkner, plaintiffs daughter, testified that she delivered a letter which she wrote for her mother to Onesource on September 7, 1999. This letter, which Tina claimed to have made a copy of, explained the work related accident. A copy of the letter was never found. April Donald, plaintiffs granddaughter, denied that she had ever seen the plaintiff in any kind of pain in the week before September 3,1999.
Rene Brockhoeft, the administrative assistant for Onesource during September 1999, handled the workers’ compensation claims and files of the employees at One-source. Brockhoeft testified that she first learned of Faulkner’s alleged injury in January 2000 and that she never received anything from Faulkner regarding a work accident in September of 1999. Brock-hoeft said that she talked to Faulkner on September 23, 1999, when plaintiff called to resign and told Brockhoeft that the back problems did not happen at work. Faulkner denied ever voluntarily resigning from Onesource and said she did not speak *1126 with Brockhoeft about her medical condition. After the alleged phone call Brock-, hoeft completed an Employee Separation Form which, according to her, is only used for employees who are terminated, resign, or quit. This form is misdated 9/23/00 rather than 9/23/99 although Brockhoeft insisted that she completed it in 1999.
Work related accident
 Factual findings in workers’ compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La.7/1/97), 696 So.2d 551; Smith v. Louisiana Dept. of Corrections, 93-1305 (La.2/28/94), 633 So.2d 129; Freeman v. Poulan/Weed Eater, 93-1530, (La.1/14/94), 630 So.2d 733. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Banks, supra; Freeman, supra; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880 (La.1993); Mart v. Hill, 505 So.2d 1120 (La.1987).
Where there are two permissible views of the evidence, a fact finder’s choice between them can never be manifestly erroneous or clearly wrong. Banks, supra; Stobart, supra. “Where the testimony of expert witnesses differ, it is the responsibility of the. trier of fact to determine which evidence is most credible. Consequently, on appellate review the trial court’s reasonable findings, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed.” Brock v. Morton Goldberg Auction Galleries, Inc., 95-1324 (La.App. 4 Cir. 3/14/96), 671 So.2d 1008, 1012 quoting Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1111 (La.1990). According to this standard, this Court may not disturb the Hearing Officer’s finding of fact, regardless of our own view of the evidence, so long as that finding is reasonable. Stobart v. DOTD, 617 So.2d 880 (La.1993); Rosell v. ESCO, 549 So.2d 840 (La.1989). Thus, “if the [fact finder’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Banks, supra; Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106 (La.1990).
The plaintiff in a workers’ compensation action has the burden of establishing a work-related accident by a preponderance of the evidence. Bruno v. Harbert International Inc., 593 So.2d 357 (La.1992). The testimony of the worker alone may be sufficient to discharge this burden, provided two elements are satisfied: (1) no other evidence discredits or casts serious doubt upon the worker’s version of the incident; and (2) the worker’s testimony is corroborated by the circumstances following the alleged incident. West v. Bayou Vista Manor, Inc., 371 So.2d 1146 (La.1979); Malone and Johnson, 13 Louisiana Civil Law Treatise, Workers’ Compensation, § 253 (2d Ed.1980).
In the instant case there is conflicting testimony of other employees and doctors that casts substantial doubt on the plaintiffs account of the accident. Although Faulkner did suffer from back problems before and after September 3, 1999, there is insufficient evidence to indicate that this pain was caused by a work related incident.
The workers’ compensation judge held that “these initial discrepancies of not reporting the trauma coupled with the pre-accident visit to Dr. Ausama on August 21, 1999 with serious pain cast serious doubt as to whether an accident actually occurred on September 3, 1999 and resulted in injury.” As evidenced from the work *1127 ers’ compensation judgment and reasons for judgement, the judge doubted plaintiffs version of the events. We agree with the workers’ compensation judge that the plaintiff in the instant case failed to meet her burden of showing that a work-related injury occurred.
CONCLUSION
The workers’ compensation judge did not err in dismissing plaintiffs claim with prejudice. The record reflects that the plaintiff failed to carry her burden of proof that she had a work related accident on or around September 3,1999.
hFor the foregoing reasons, the judgment of the Office of Workers’ Compensation is affirmed.
AFFIRMED.